UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MARYANN SEVENSKI,

      Plaintiff,

v.                                                      Case No.:  2:20-cv-10-MRM

COMMISSIONER OF SOCIAL
SECURITY,

      Defendant.

_____/

## OPINION AND ORDER

Plaintiff Maryann Sevenski filed a Complaint on January 7, 2020.  (Doc. 1).

Plaintiff seeks judicial review of the final decision of the Commissioner of the Social

Security Administration ("SSA") denying her claim for supplemental security

income.  The Commissioner filed the transcript of the administrative proceedings

(hereinafter referred to as "Tr." followed by the appropriate page number), and the

parties filed a joint memorandum detailing their respective positions.  (Doc. 28).  For

the reasons set forth herein, the decision of the Commissioner is **REVERSED AND**

**REMANDED** pursuant to § 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

## I.    Social Security Act Eligibility

The law defines disability as the inability to do any substantial gainful activity

by reason of any medically determinable physical or mental impairment that can be

expected to result in death or that has lasted or can be expected to last for a

continuous period of not less than twelve months.  42 U.S.C. §§ 416(i), 423(d)(1)(A),

1382c(a)(3)(A); 20 C.F.R. §§ 404.1505, 416.905.  The impairment must be severe, making the claimant unable to do her previous work or any other substantial gainful activity that exists in the national economy.  42 U.S.C. §§ 423(d)(2), 1382c(a)(3); 20 C.F.R. §§ 404.1505 - 404.1511, 416.905 - 416.911.  Plaintiff bears the burden of persuasion through step four, while the burden shifts to the Commissioner at step five.  *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987).

## II.    Procedural History

Plaintiff protectively filed a claim for supplemental security benefits on February 9, 2017.  (Tr. at 18).[1]  Plaintiff alleged a disability onset date of March 20, 2015.  (*Id.*).  Plaintiff's claim was denied at the initial level on May 11, 2017, and upon reconsideration on July 26, 2017.  (*Id.* at 18, 113, 127).  Plaintiff requested an administrative hearing, which was held on June 25, 2018, before Administrative Law Judge ("ALJ") William G. Reamon.  (*Id.* at 73-112).  The ALJ issued an unfavorable decision on November 26, 2018.  (*Id.* at 15-34).  On November 14, 2019, the Appeals Council denied Plaintiff's request for review.  (*Id.* at 1-4).  Plaintiff then filed her Complaint with this Court on January 7, 2020, (Doc. 1), and the parties consented to proceed before a United States Magistrate Judge for all purposes, (Docs. 17, 20). The matter is, therefore, ripe.

---

[1]  The SSA revised the rules regarding the evaluation of medical evidence and symptoms for claims filed on or after March 27, 2017.  *See* Revisions to Rules Regarding the Evaluation of Medical Evidence, 82 Fed. Reg. 5844-01, 5844 (Jan. 18, 2017).  The new regulations, however, do not apply in Plaintiff's case because Plaintiff filed her claim before March 27, 2017.

### III.      Summary of the Administrative Law Judge's Decision

An ALJ must follow a five-step sequential evaluation process to determine if a claimant has proven that she is disabled. *Packer v. Comm'r of Soc. Sec.*, 542 F. App'x 890, 891 (11th Cir. 2013) (citing *Jones v. Apfel*, 190 F.3d 1224, 1228 (11th Cir. 1999)). An ALJ must determine whether the claimant:  (1) is performing substantial gainful activity; (2) has a severe impairment; (3) has a severe impairment that meets or equals an impairment specifically listed in 20 C.F.R. Part 404, Subpart P, Appendix 1; (4) can perform her past relevant work; and (5) can perform other work of the sort found in the national economy. *Phillips v. Barnhart*, 357 F.3d 1232, 1237-40 (11th Cir. 2004).  The claimant has the burden of proof through step four and then the burden shifts to the Commissioner at step five. *Hines-Sharp v. Comm'r of Soc. Sec.*, 511 F. App'x 913, 915 n.2 (11th Cir. 2013).

At step one, the ALJ found that Plaintiff "has not engaged in substantial gainful activity since February 9, 2017, the application date (20 [C.F.R. §] 416.971 *et seq.*)."  (Tr. at 20).  At step two, the ALJ found that Plaintiff has the following severe impairments:  "ischemic heart disease; chronic obstructive pulmonary disease; and obesity (20 [C.F.R. §] 416.920(c))."  (*Id.*).  At step three, the ALJ determined that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 [C.F.R.] Part 404, Subpart P, Appendix 1 (20 [C.F.R. §§] 416.920(d), 416.925 and 416.926)."  (*Id.* at 25).

At step four, the ALJ found that Plaintiff has the residual functional capacity ("RFC"):

> [T]o perform light work as defined in 20 [C.F.R. §] 416.967(b).  The claimant can only frequently, as opposed to constantly, balance, stoop, kneel, crouch, and crawl; only occasionally climb ramps and stairs; and never climb ladders, ropes, or scaffolds.  Furthermore, the claimant must avoid concentrated exposure to extreme temperatures and extreme humidity.  The claimant must also avoid even moderate exposure to fumes, odors, dusts, gases, poor ventilation, and workplace hazards such as dangerous moving machinery and unprotected heights.

(*Id.* at 26).  The ALJ also determined that Plaintiff "has no past relevant work (20 [C.F.R. §] 416.965)."  (*Id.* at 32).

At step five, considering Plaintiff's age, education, work experience, and RFC, the ALJ determined that "there are jobs that exist in significant numbers in the national economy that the claimant can perform.  (20 [C.F.R. §§] 416.969 and 416.969a)."  (*Id.*).  Specifically, the ALJ, relying on Vocational Expert ("VE") testimony, found that Plaintiff could perform the following jobs that exist in significant numbers in the national economy:  Production Assembler (DOT# 706.687-010); Small Product Assembler (DOT# 739.687-030); and Electronics Worker (DOT# 726.687-010).  (*Id.* at 33).  For these reasons, the ALJ held that Plaintiff "has not been under a disability, as defined in the Social Security Act, since February 9, 2017, the date the application was filed (20 [C.F.R. §] 416.920(g))."  (*Id.*).

**IV.    Standard of Review**

The scope of this Court's review is limited to determining whether the ALJ applied the correct legal standard, *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988), and whether the findings are supported by substantial evidence, *Richardson v. Perales*, 402 U.S. 389, 390 (1971).  The Commissioner's findings of fact are conclusive if supported by substantial evidence.  42 U.S.C. § 405(g).  Substantial evidence is more than a scintilla—*i.e.*, the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion.  *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (citing *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982); *Richardson*, 402 U.S. at 401).

Where the Commissioner's decision is supported by substantial evidence, the district court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that "the evidence preponderates against" the Commissioner's decision.  *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991).  The district court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision.  *Foote*, 67 F.3d at 1560; *accord Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992) (a court must scrutinize the entire record to determine reasonableness of factual findings).

## V.      Analysis

On appeal, Plaintiff raises one issue.  As stated by the parties, the issue is:

> Whether the Appeals Council committed error in its consideration of new evidence submitted to it by Plaintiff and by not reviewing the ALJ's decision[.]

(Doc. 28 at 34).  The Court addresses the issue below.

More particularly, Plaintiff contends that the Appeals Council erred by:  (1) finding that the new evidence did not relate to the relevant time period; (2) failing to evaluate or consider portions of the new evidence; and (3) finding that there was not a reasonable possibility that the evidence would have changed the outcome of the ALJ's decision.  (*Id.*).

In support, Plaintiff first argues that the evidence presented to the Appeals Council was "new."  (*Id.* at 35).  Additionally, Plaintiff contends that the evidence was "submitted during the administrative process."  (*Id.* at 36 (citations omitted)).  Plaintiff also argues that the evidence is not "cumulative" because the record before the ALJ was inadequate.  (*Id.* at 36-37 (citations omitted)).  Comparing the facts of this case to *Caulder v. Bowen*, 791 F.2d 872, 877 (11th Cir. 1986), Plaintiff maintains that "the new evidence submitted to the Appeals Council here was clearly not cumulative."  (*Id.* (citing Tr. at 21, 50, 65-66, 60-70, 521, 525)).

Additionally, Plaintiff asserts that the new evidence relates to the relevant period.  (*Id.*).  While Plaintiff notes that the Appeals Council refused to consider the November 28, 2018 evidence, finding it did not relate to the relevant period, Plaintiff

maintains that the Appeals Council misidentified the date of the evidence. (*Id.* at 38-39 (citing Tr. at 2)). Specifically, Plaintiff highlights the Appeals Council's notation that the evidence was dated November 28, 2018. (*Id.* at 39 (citing Tr. at 2)). Plaintiff asserts, however, that the records contain MRI results dated November 21, 2018, and, therefore, contain records predating the ALJ's decision. (*Id.* (citing Tr. at 65-66)). Thus, Plaintiff contends that the ALJ's decision not to consider the November 28, 2018 evidence was based on an incorrect assertion and remand is, therefore, warranted. (*Id.* (citation omitted)).

Moreover, Plaintiff maintains that even if the Appeals Council correctly identified the portion of the new evidence dated November 28, 2018, "the Appeals Council rejected it without legal support." (*Id.* at 39-40). In support, Plaintiff contends that because the evidence is dated only two days after the ALJ's decision and the Appeals Council articulated no other reason for rejecting the evidence, "th[e] Court should find the Appeals Council's reasoning unsupported as a matter of law." (*Id.* at 40 (citations omitted)). Additionally, Plaintiff maintains that the evidence dated November 28, 2018, relates to the pain Plaintiff experienced during the relevant period. (*Id.* at 40-41 (citing Tr. at 61)). Plaintiff notes that the evidence "does not contemplate or suggest that Plaintiff sustained a new injury" during the two days following the ALJ's decision. (*Id.* at 41 n.17 (citations omitted)). Thus, Plaintiff contends that the evidence relates to the relevant period and, therefore, "contravenes the Appeals Council's finding." (*Id.* at 41).

Furthermore, Plaintiff contends that "[t]he new evidence was material" because a reasonable probability exists that the evidence would have changed the outcome of the ALJ's decision. (*See id.* at 41-43 (emphasis omitted)). In support, Plaintiff notes that the ALJ's statements on the record at the hearing "made clear that a reasonable possibility existed that the type of new evidence submitted to the Appeals Council here (e.g., diagnostic imaging) would be the exact type of evidence that he considered imperative to enable him to render an accurate decision in Plaintiff's case." (*Id.* at 43). Plaintiff highlights that the ALJ noted that he was "aware of" the slip and fall accident and instructed counsel to look into diagnostic imaging. (*Id.* (citing Tr. at 77-78)). Plaintiff notes that she stated that she was scheduled to undergo an MRI in August 2018, and that the ALJ stated that he wanted to review the results when determining Plaintiff's case. (*Id.* at 43-44 (citing Tr. at 91, 93, 110)). Similarly, Plaintiff argues that the ALJ's written decision "convey[s] that there is a reasonabl[e] possibility" that the new evidence would have changed the ALJ's decision. (*Id.* at 45). Specifically, Plaintiff contends that the ALJ relied, in part, on the lack of diagnostic imaging to determine that Plaintiff was not disabled. (*See id.* at 45-46). In sum, Plaintiff argues that the ALJ's statements at the hearing and in the decision show that the new evidence is material. (*Id.* at 46).

Finally, Plaintiff provides several examples of how the new evidence could have changed the administrative result. (*See id.* at 46-55). First, Plaintiff essentially contends the evidence could have changed the ALJ's finding that Plaintiff's back and leg pain are not severe because the finding was based, in part, on Plaintiff's failure to

obtain imaging studies. (*See id.* at 46-47). Plaintiff maintains that the ALJ's finding that the leg and back pain was not severe also led to additional unsupported findings throughout the decision. (*Id.* at 47-48 (citations omitted)). Second, Plaintiff essentially argues that the new evidence would likely change the ALJ's analysis of Plaintiff's subjective symptoms of pain in the leg and back. (*See id.* at 48-54). Third, Plaintiff essentially asserts that the new evidence could affect the ALJ's evaluation of whether Plaintiff met a listing, the medical evidence, and Plaintiff's RFC. (*See id.* at 54-55). Thus, Plaintiff maintains that the Appeals Council's "finding that the new evidence 'does not show a reasonable probability that it would change the outcome of the decision' is unsupported" and, therefore, remand is warranted. (*Id.* at 55).

In response, as to the records dated November 28, 2019, Defendant argues that "the Appeals Council properly declined to consider additional records it found chronologically irrelevant, and declined to review based on additional records that did not undermine the substantial evidence supporting the ALJ's decision." (*Id.* at 55-56). In support, Defendant argues that the Appeals Council properly found the records were not chronologically relevant because while the diagnostic imaging was taken on November 21, 2018, the records discussing the results were dated November 28, 2018. (*Id.* at 57). Additionally, Defendant contends that the records are also not material. (*Id.*).

As to the records considered by the Appeals Council, Defendant maintains that "[t]he Appeals Council reasonably concluded those additional treatment methods did not provide a basis for changing the ALJ's decision" because the

records were cumulative of treatment notes considered by the ALJ and "do not contain objective medical information indicating Plaintiff had any greater work-related limitations." (*Id.* at 57-58 (citation omitted)). Thus, Defendant argues that the Appeals Council properly denied Plaintiff's Request for Review. (*Id.* at 58).

Generally, the administrative process permits a claimant to present new evidence at each stage of the administrative process. *Ashley v. Comm'r, Soc. Sec. Admin.*, 707 F. App'x. 939, 943 (11th Cir. 2017); *Ingram v. Comm'r of Soc. Sec.*, 496 F.3d 1253, 1261 (11th Cir. 2007); 20 C.F.R. § 404.900(b). Evidence submitted for the first time to the Appeals Council is determined under a Sentence Four analysis. *Ingram*, 496 F.3d at 1253. "The Appeals Council must consider new, material, and chronologically relevant evidence and must review the case if 'the administrative law judge's action, findings, or conclusion is contrary to the weight of the evidence currently of record.'" *Id.* (citing 20 C.F.R. §§ 404.970(b), 416.1470(b)); *Ashley*, 707 F. App'x at 944 (citing *Washington v. Comm'r Soc. Sec.*, 806 F.3d 1317, 1320 (11th Cir. 2015)). New evidence is considered material and therefore warranting a remand if "a reasonable possibility exists that the evidence would change the administrative result." *Washington v. Soc. Sec. Admin., Comm'r*, 791 F. App'x 871, 876 (11th Cir. 2019) (quoting *Washington*, 806 F.3d at 1321). In addition, the new evidence must not be cumulative of other evidence of record. *Ashley*, 707 F. App'x at 943-44. Finally, evidence is considered "'chronologically relevant' if it relates to the period on or before the date of the ALJ's hearing decision." *Washington*, 791 F. App'x at

876 (quoting 20 C.F.R. §§ 404.970(a)(5), 416.1470(a)(5)).  "[W]hen the Appeals

Council erroneously refuses to consider evidence, it commits legal error and remand

is appropriate."  *Washington*, 806 F.3d at 1321 (citations omitted).

Here, Plaintiff submitted evidence to the Appeals Council from Lee Memorial

Health System dated November 8, 2018, through November 28, 2018.  (Tr. at 2, 39-

72).  The evidence is clearly "new" because the records submitted to the Appeals

Council were not part of the administrative record before the ALJ.  *See Rodriguez v.*

*Comm'r of Soc. Sec.*, No. 8:19-cv-753-T-MAP, 2020 WL 3567300, at *4 (M.D. Fla.

July 1, 2020) (finding that the evidence submitted to the Appeals Council was "new"

because they were not included in the administrative record).

The Appeals Council denied Plaintiff's request for review.  (Tr. at 1-9).

Regarding the new evidence, the Appeals Council determined that the medical

evidence dated November 8, 2018, did "not show a reasonable probability that it

would change the outcome of the decision" and, therefore, declined to exhibit the

evidence.  (*Id.* at 2).  Additionally, the Appeals Council declined to exhibit the

evidence dated November 28, 2018, because the evidence did "not relate to the

period at issue."  (*Id.*).

As to the records dated November 28, 2018, the Court finds that the Appeals

Council erroneously refused to consider the evidence.  Specifically, as Plaintiff points

out, the evidence contains the results of an x-ray dated November 14, 2018, and an

MRI dated November 21, 2018.  (Tr. at 65-66).  Defendant appears to concede that

the MRI was taken on November 21, 2018.  (Doc. 28 at 56-57).  As noted above,

evidence is considered "'chronologically relevant' if it relates to the period on or before the date of the ALJ's hearing decision." *Washington*, 791 F. App'x at 876 (quoting 20 C.F.R. §§ 404.970(a)(5), 416.1470(a)(5)).  The ALJ issued his unfavorable decision on November 26, 2018.  (Tr. at 15-34).  Because the diagnostic imaging discussed was performed before the date of the ALJ's decision, the diagnostic imaging would clearly *relate* to the period on or before the date of the ALJ's decision.  *See Washington*, 791 F. App'x at 876.  Thus, although the records are dated November 28, 2018, they are chronologically relevant because they discuss the results of an MRI and x-ray performed during the relevant period.  *See id.*

Moreover, the Eleventh Circuit has held that medical opinions based on treatment that occurred after the date of the ALJ's decision may be chronologically relevant if the records relate back to the relevant period of the decision.  *Washington v. Soc. Sec. Admin., Comm'r*, 806 F.3d 1317, 1322-23 (11th Cir. 2015).  For example, in *Washington v. Commissioner of Social Security*, the Eleventh Circuit concluded that a medical opinion based on treatment after the ALJ's decision was chronologically relevant because (1) the opinion was based on the plaintiff's description of his mental health symptoms during the relevant period, (2) the evaluating psychologist reviewed the plaintiff's treatment records from the relevant period, and (3) there was no evidence that plaintiff's mental health declined since the decision.  *Id.* at 1319, 1322-23.

Here, the opinion evidence dated after the ALJ's decision was clearly based on Plaintiff's impairments as they existed during the relevant time frame because the

diagnostic imaging discussed was performed during the relevant time period.  (*See* Tr. at 65-66).  This finding is bolstered by the fact that the records are dated a mere two days after the ALJ's decision.  (*See* Tr. at 53-72).  Additionally, because the results are a part of the records themselves, the records demonstrate that the doctor reviewed the results of the diagnostic imaging as part of the November 28, 2018 follow-up visit.  (*See id.*).  Finally, the records explicitly state that Plaintiff's health had not changed since her last visit and that she had not had a recent fall or injury.  (*Id.* at 61-62).  Thus, there is no evidence that Plaintiff's conditions worsened during the two days between the ALJ's decision and the date of the medical records.  (*See id.*).  In light of this, the Court finds that the evidence dated November 28, 2018, indisputably relates back to the relevant period and is, therefore, chronologically relevant.  *See Washington*, 791 F. App'x at 876.  Thus, the Court finds that the Appeals Council erred in finding that the evidence was not chronologically relevant, and remand is warranted.  *See Washington*, 806 F.3d at 1321 (citations omitted).

Furthermore, the Court is not persuaded by Defendant's argument that remand is not warranted because the November 28, 2018 records are not material.  (*See* Doc. 28 at 57).  The Appeals Council did not articulate this as a basis to decline to consider the November 28, 2018 evidence.  (*See* Tr. at 2).  The Eleventh Circuit has held that "a court may not accept . . . counsel's *post hoc* rationalizations for agency actions."  *Baker v. Comm'r of Soc. Sec.*, 384 F. App'x 893, 896 (11th Cir. 2010) (citation omitted).  Instead, "[i]f an action is to be upheld, it must be upheld on the

same bases articulated in the agency's order." *Id.* (citation omitted).  Thus, the Court

declines to accept Defendant's *post hoc* arguments.  *See Cryder v. Comm'r of Soc. Sec.*,

No. 6:16-cv-00605-41TBS, 2017 WL 3381712, at *1 (M.D. Fla. Aug. 7, 2017) (citing

*Baker*, 384 F. App'x at 896 for the proposition that the Court cannot accept the

Commissioner's *post hoc* realization for the Appeals Council's decision to deny the

plaintiff's request for review).

Nevertheless, even if the Court were to consider whether the new evidence

was material or cumulative, the Court would find remand warranted.  First, the

evidence is not cumulative as there was no diagnostic imaging related to Plaintiff's

leg and back pain in the record before the ALJ.  Indeed, the ALJ highlighted the lack

of such evidence at both the hearing and in the decision.  (*See* Tr. at 21, 30, 110).

Accordingly, the Court cannot find the evidence cumulative.  *See Caulder v. Bowen*,

791 F.2d 872, 877 (11th Cir. 1986) (concluding that evidence is not cumulative when

it contains the only medical evaluation of a possible cause of back and leg pain).

Likewise, the Court finds that the evidence is material because it directly

relates to unfavorable findings made by the ALJ.  (*See* Tr. at 21, 30).  Specifically, the

ALJ relied, at least in part, on the lack of diagnostic imaging to find that Plaintiff's

leg and back pain was not severe.  (*Id.* at 21).  Had the ALJ found Plaintiff's leg and

back pain "severe," a distinct possibility remains that the ALJ would have imposed

additional limitations related to this impairment on Plaintiff.  For example, the new

evidence opined that Plaintiff should "avoid frequent bending, lifting and twisting

motions."  (*Id.* at 71).  Plaintiff's RFC, however, permits similar motions at a

frequent amount. (*Id.* at 26). Thus, had the ALJ had the benefit of this medical evidence a reasonable probability exists that the RFC would have differed, and the administrative outcome could have changed. *See Washington*, 791 F. App'x at 876.

A finding of materiality is further bolstered by the ALJ's findings in the RFC narrative. (*See* Tr. at 26-32). In the RFC narrative, the ALJ noted that Plaintiff alleged, *inter alia*, leg and back pain. (*Id.* at 27). Yet, the ALJ determined that Plaintiff's allegations are not supported by the medical evidence, in part, because "the objective medical studies and clinical examination findings do not fully corroborate the claimant's alleged symptoms" and because Plaintiff continually failed to follow up with the recommended diagnostic imaging. (*Id.* at 30). Because Plaintiff ultimately obtained diagnostic imaging related to her leg and back pain, there is a reasonable probability that the outcome of the administrative decision would change. *See Washington*, 791 F. App'x at 876.

As to the medical evidence dated November 8, 2018, it appears that the Appeals Council considered the materiality of this evidence separate and apart from the evidence dated November 28, 2018. (*See* Tr at 2). As noted above, however, the Appeals Council erroneously declined to consider the evidence dated November 28, 2018, based solely on the date of the evidence. (*See id.*). Because the Appeals Council did not consider the materiality of the November 28, 2018 evidence, the Court cannot determine what, if any, effect that analysis may have had on the Appeals Council's finding that the November 8, 2018 evidence was not material. Rather, the distinct possibility exists that had the Appeals Council considered the

materiality of the November 8, 2018 evidence in conjunction with the November 28, 2018 evidence, the Appeals Council may have determined the new evidence as a whole was material.  Thus, because the Court remands the action for the Commissioner to consider the new evidence in conjunction with all the evidence in the record, *see Washington*, 806 F.3d at 1323, the Court finds that any ruling on whether the Appeals Council properly declined to consider the November 8, 2018 evidence premature at this time.

## VI.    Conclusion

Upon consideration of the parties' submissions and the administrative record, the Court finds that the Appeals Council erroneously refused to consider the evidence dated November 28, 2018.  Accordingly, the Court **ORDERS** that:

1.    The decision of the Commissioner is **REVERSED AND REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g).

2.    On remand, the Commissioner must:

   Properly consider the new evidence in conjunction with all other evidence in the record.

3.    The Court suspends application of Local Rule 7.01 in this action.  A motion for fees and costs must be filed as a single motion requesting a determination of both entitlement and amount.  If Plaintiff prevails on remand, Plaintiff must comply with the November 14, 2012 Order (Doc. 1) in Case Number 6:12-mc-124-Orl-22.

4.     The Clerk of Court is directed to enter judgment accordingly, to

terminate any pending motions and deadlines, and to close the case.

**DONE AND ORDERED** in Fort Myers, Florida on July 26, 2021.

_____
Mac R. McCoy
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties